RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4. _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-01-05

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

FRANK J. VOTTA )
LYNN E VOTTA )
                          )
             Plaintiffs, )
                          )        C.A.
             v.                   )
                          )
AMERIPATH MORTGAGE CO. )
AND COUNTRYWIDE HOME LOANS )
             Defendants. )    05 CV 11 1 33 WGY

## COMPLAINT

MAGISTRATE JUDGE Alexander

## INTRODUCTION

1. This action seeks redress against Ameripath Mortgage Corp. ("Ameripath") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiffs are residents of Massachusetts and seek rescission of a $268,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants

1

do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiffs Frank J. & Lynn Votta reside at 37 Steeple Chase Circle, Attleboro, MA 02703.

5. Defendant Ameripath is a National corporation with its principle place of business at 6400 Oak Canyon #150, Irvine, CA 92618.

6. Ameripath enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Ameripath is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Ameripath is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Upon information and belief, Countrywide Home Loans is the present holder of said mortgage and responsible for all claims made against the Defendant, Ameripath.

## FACTS

10. On or about June 2, 2004, Plaintiffs obtained a loan from Ameripath, secured by their residence, for the purpose of refinancing a prior mortgage . All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiffs Frank J. & Lynn Votta  received or signed the following documents:

2

1. A note in the principal amount of $268,000.00;

2. A mortgage;

3. A Truth in Lending statement;

4. A notice of right to cancel, attached as Exhibit A; and

5. A HUD-1 Settlement Statement.

12. Because the transaction was secured by Plaintiffs' home, and was not entered into for

purposes of the initial acquisition or construction of that home, it was subject to the right to

cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

**(a) Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as**

3

to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

13. The copies of the notice of right to cancel actually delivered to Plaintiffs Frank J. & Lynn Votta were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

14. On or about May 10 and 31st 2005 the Plaintiffs exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to both Ameripath and Countrywide Home Loans. Copies of both notices are attached as <u>Exhibits B and C</u>.

4

15. In a letter dated May 23, 2005, attached as Exhibit D, Ameripath denied the

Plaintiffs' request to rescind their mortgage.

## COUNT I - TRUTH IN LENDING ACT

16. Plaintiffs incorporate ¶¶ 1-15 as if fully set out herein.

17. By failing to indicate the date by which the right to cancel had to be exercised

Ameripath failed to give Plaintiffs clear and conspicuous notice of their right to cancel, in

violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section

1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

19. Defendant, Countrywide Home Loans as assignee of the mortgage is subject to

rescission by the Plaintiffs pursuant to 15 U.S.C. § 1641(c) and/or the Massachusetts

counterparts.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of

Plaintiffs and against Defendants as follows:

1. A declaration that Plaintiffs are entitled to rescind;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiffs demand trial by jury.

Christopher M. Lefebvre

6

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.                                    Loan Number 003948
Borrowers: FRANK J. VOTTA, LYNNE VOTTA

Property Address: 37 STEEPLE CHASE CIRCLE, ATTLEBORO, MASSACHUSETTS 02703

---

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                    or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
AMERIPATH MORTGAGE CORPORATION
6400 OAK CANYON #150
IRVINE, CALIFORNIA 92618

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of JUNE 5, 2004      (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL.

_____              _____
Consumer's Signature                        Date

---

ON THE DATE OF THE TRANSACTION LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

FRANK J. VOTTA            Date      LYNNE VOTTA            Date

_____ Date      _____ Date

_____ Date      _____ Date

NOTICE OF RIGHT TO CANCEL/RESCISSION MODEL FROM (GENERAL)                    Rev. 11/98

# Exhibit B

LAW OFFICE OF THE
FAMILY ADVISORS CONSULTANTS & ATTORNEYS

*ADVISORY STAFF BELOW*
CLAUDE J. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*associated attorneys and consultants*

May 10, 2005

## CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Ameripath Mortgage Corporation
6400 Oak Canyon #150
Irvine, California 92618

Re:    **Notice of Rescission by Frank J. Votta & Lynne Votta, 37 Steeple Chase Circle,
Attleboro, MA 02703, Loan Number: 003948, Closing Date 6/2/2004.**

To Whom It May Concern:

I represent Frank & Lynne Votta concerning the mortgage they entered into with Ameripath
Mortgage Corporation on June 2, 2004. Please be advised that I have been retained by my clients to
rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act,
15 U.S.C. Section 1635, Regulation Z, Section 226.23 and the Massachusetts counterparts.

The primary basis for the rescission is that Mr. & Mrs. Votta as the joint owners of the
property at the time of refinance, were not provided with a proper notice of their right to cancel the
above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section
226.17, Section 226.23 and the Massachusetts counterparts.

The security interest held by Ameripath Mortgage Corporation on Mr. & Mrs. Votta's
property located at 37 Steeple Chase Circle, Attleboro, MA is void as of this rescission. Pursuant to
Regulation Z and the Massachusetts counterparts, you have twenty days after receipt of this Notice of
Rescission to return to my client all monies paid and to take action necessary and appropriate to
terminate the security interest.

Frank J. Votta & Lynne Votta
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc: Frank & Lynne Votta

# Exhibit C



*WITH THE CONSUMER LAW TEAM*

**CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.**

*ATTORNEYS & COUNSELORS AT LAW*

May 31, 2005

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
Countrywide Home Loans
Customer Service
SVB-314
P.O. Box 5170
Simi Valley, CA 93062-5170

**Re:** **Notice of Rescission by Frank J. Votta & Lynne Votta, 37 Steeple Chase Circle, Attleboro, MA 02703, Loan Number: 003948, Closing Date 6/2/2004.**

To Whom It May Concern:

I represent Frank & Lynne Votta concerning the mortgage they entered into with Ameripath Mortgage Corporation on June 2, 2004. Please be advised that I have been retained by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23 and the Massachusetts counterparts.

The primary basis for the rescission is that Mr. & Mrs. Votta as the joint owners of the property at the time of refinance, were not provided with a proper notice of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23 and the Massachusetts counterparts. Upon information and belief, Countrywide has purchased the loan and therefore is responsible under the assignee provisions of both TILA and the Massachusetts counterparts.

The security interest held by Ameripath Mortgage Corporation and subsequently sold to Countrywide Home Loans on Mr. & Mrs. Votta's property located at 37 Steeple Chase Circle, Attleboro, MA is void as of this rescission. Pursuant to Regulation Z and the Massachusetts counterparts, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Frank J. Votta & Lynne Votta
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc: Frank & Lynne Votta

# Exhibit D

ALT & ASSOCIATES
Attorneys at Law

18010 SKYPARK CIRCLE
SUITE 200
IRVINE, CA 92614

**KRISTIN SCHAUB STERGAKOS**
*Attorney at Law*

TELEPHONE (949) 756-5250
FACSIMILE (949) 756-5270
kristin.stergakos@altandassociates.com

May 23, 2005

Christopher M. Lefebvre, Esq.
Family and Consumer Law Center
Two Dexter Street
PO Box 479
Pawtucket, RI 02862

VIA:   U.S. Mail

**RE:   Notice of Rescission by Frank J. Votta & Lynne Votta, 37 Steeple Chase Circle, Attleboro, MA 02703, Loan Number:  003948, Closing Date 6/2/2004**

Dear Mr. Lefebvre:

We are writing on behalf of our client, Ameripath Mortgage Corporation, in response to your letter of May 10, 2005.

Please be advised that Ameripath has reviewed its file, and has confirmed that Mr. and Mrs. Votta were provided with proper Notices of Right to Cancel. I have included copies of the executed notices with this letter.

Mr. and Mrs. Votta did not exercise their right to cancel within the rescission period, and this loan was properly disbursed. The rescission period has expired and your clients cannot rescind at this time.

If you have any questions, please contact me.

Very truly yours,

Kristin S. Stergakos
ALT & ASSOCIATES

%JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FRANK J VOTTA and LYNNE VOTTA

## DEFENDANTS

AMERIPATH MORTGAGE CORP. and COUNTRYWIDE HOME LOANS INC

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CON DEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Christopher M. Lefebvre PC, Two Dexter St. , Pawtucket, RI 02862  (401) 728-6060

Attorneys (If Known)

05  11133 WGY

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

■ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor V ehicle<br>☐ 355 Motor V ehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Dam age<br>☐ 385 Property Dam age Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations | ☐ 422 Appeal 28 USC 158<br>☐ 423 With drawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIW W (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Sele ctive Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Custom er Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Econo mic Stabilization Act<br>☐ 893 Environm ental M atters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 W elfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Co nstitutio nality of State Statutes<br>■ 890 Other Statutory Actions |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

■ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1601 et seq  To redress against Ameripath for violations of the Truth in Lending Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown

CHECK YES only if demanded in complaint:
JURY DEMAND:   ■ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   5/31/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) __Frank J. Votta ,Lynne Votta  v.   Ameripath Mortgage Corp. and
   Countrywide Home Loans Inc____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐      NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
   USC §2403)
                                                                    YES ☐      NO  X
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☐      NO  X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐      NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).

   YES ☐      NO  X

       A.   If yes, in which division do all of the non-governmental parties reside?

            Eastern Division  X        Central Division ☐            Western Division ☐

       B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies,  residing in Massachusetts reside?

            Eastern Division ☐         Central Division ☐            Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)
                                                                    YES ☐      NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Christopher M. Lefebvre_____
ADDRESS _PO BOX 479, Pawtucket, RI 02862_____
TELEPHONE NO. (401) 728-6060_____

(Mass Civil Coversheet.wpd  - 10/17/02)