UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK J. VOTTA and <br> LYNN E. VOTTA, <br><br> Plaintiffs, <br><br> v. <br><br> AMERIPATH MORTGAGE CORP. and <br> COUNTRYWIDE HOME LOANS, <br><br> Defendants. | C.A. No. 05-11133-WGY |

**DEFENDANT AMERIPATH MORTGAGE CORPORATION'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Ameripath Mortgage Corporation ("Ameripath") hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint in the above-captioned matter with prejudice in its entirety.

As set forth in detail in Ameripath's supporting memorandum of law filed simultaneously herewith, the Complaint sets forth <u>no</u> set of facts that, as a matter of law, can sustain a cause of action under the federal Truth in Lending Act, 15 U.S.C. § 1635 <u>et</u> <u>seq.</u> ("TILA"), or the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. c. 140D, § 10 (the "CCCDA"). Plaintiffs allege that the form of Notice of Right to Cancel attached to the Complaint fails to specify the date by which plaintiffs could cancel their loan transaction, purportedly in violation of the TILA and the CCCDA. Yet, directly contrary to plaintiffs' allegation, the form of Notice of Right to Cancel attached to the Complaint <u>contains</u> <u>the</u> <u>allegedly</u> <u>absent</u> <u>rescission</u> <u>date</u>.

Because plaintiffs claim is flatly contradicted by the very document upon which their claim is based in its entirety, plaintiffs cannot state a claim for statutory rescission or damages.

BOS-882081 v2

Accordingly, and as set forth in detail below, plaintiffs' Complaint must be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein and in the accompanying memorandum of law, Ameripath Mortgage Corporation respectfully requests that the Court: (1) grant Ameripath's motion, dismissing all of plaintiffs' claims with prejudice; (2) award Ameripath its reasonable attorneys fees and costs incurred in having to make this motion and defend against this action generally; and (3) grant such other relief as the Court deems just and equitable.

### REQUEST FOR ORAL ARGUMENT

Ameripath respectfully requests that the Court hear oral argument on this motion.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Ameripath has conferred with counsel for plaintiffs pursuant to Local Rule 7.1(A)(2), but counsel have been unable to reach agreement on the issues raised by this motion.

Respectfully submitted,

AMERIPATH MORTGAGE CORPORATION,

By its attorneys,

*/s/ Ryan M. Tosi*
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Andrew C. Glass (BBO #638362)
(aglass@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated July 29, 2005

- 2 -

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Christopher M. Lefebvre
CLAUDE LEFEBVRE,
CHRISTOPHER LEFEBVRE P.C.
P.O. Box 479
Pawtucket, RI 02862

Brooks R. Brown
Daniel J. Pasquarello
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109

                                                                */s/ Ryan M. Tosi*
                                                                 Ryan M. Tosi