UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK J. VOTTA and<br>LYNN E. VOTTA,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPATH MORTGAGE CORP. and<br>COUNTRYWIDE HOME LOANS,<br><br>Defendants. | C.A. No. 05-11133-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT AMERIPATH MORTGAGE CORPORATION'S
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

R. Bruce Allensworth (BBO #015820)
Andrew C. Glass (BBO #638362)
Ryan M. Tosi (BBO #661080)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated July 29, 2005

Plaintiffs in this action seek rescission of a $268,000 mortgage loan originated by defendant Ameripath Mortgage Corporation ("Ameripath") and statutory damages. Plaintiffs allege that the form of Notice of Right to Cancel attached to the Complaint fails to specify the date by which plaintiffs could cancel their loan transaction, purportedly in violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 <u>et</u> <u>seq.</u>, and the Massachusetts Consumer Credit Cost Disclosure Act (the "CCCDA"), Mass. Gen. L. c. 140D, § 10. Yet, directly contrary to plaintiffs' allegation, the form of Notice of Right to Cancel attached to the Complaint <u>contains</u> <u>the</u> <u>allegedly</u> <u>absent</u> <u>rescission</u> <u>date</u>.

Because plaintiffs claim is flatly contradicted by the very document upon which their claim is based in its entirety, plaintiffs cannot state a claim for statutory rescission or damages. Accordingly, and as set forth in detail below, plaintiffs' Complaint must be dismissed with prejudice.

## **Background**

Plaintiffs obtained a loan from Ameripath on June 2, 2004, in the amount of $268,000, for the purpose of refinancing a prior mortgage. <u>See</u> Compl. at paras. 2, 10. The loan was secured by plaintiffs' residence at 37 Steeple Chase Circle, Attleboro, Massachusetts. <u>See</u> Compl. at paras. 4, 10. In connection with the loan transaction, plaintiffs received and signed a Truth-in-Lending disclosure statement, a note in the principal amount of $268,000, a mortgage, and a HUD-1 settlement statement, each of which are dated June 2, 2004. <u>See</u> Compl. at paras. 10, 11; Montoya Decl. (filed simultaneously herewith), Exs. 2, 3, 4, and 5 (copy of plaintiffs'

Truth-in-Lending disclosure statement, note, mortgage, and HUD-1 settlement statement, respectively, as executed by plaintiffs, each dated June 2, 2004).[1]

Plaintiffs attach to the Complaint a form of Notice of Right to Cancel that they admit to receiving on June 2, 2004.  See Compl. at paras. 10, 11, Ex. A.  The form of Notice of Right to Cancel attached to the Complaint discloses plaintiffs' right to cancel the loan transaction and expressly sets forth the date, June 5, 2004, by which that right had to be exercised.  See Compl., Ex. A.  In addition, plaintiffs each acknowledged receipt on June 2, 2004, of the requisite notices of right to cancel that expressly set forth June 5, 2004, as the loan transaction rescission date as well as June 2, 2004, as the loan transaction date.  See Montoya Decl., Ex. 1.[2]  Plaintiffs did not exercise their right to cancel the loan transaction by June 5, 2004, the rescission period specified in the form of Notice of Right to Cancel attached to the Complaint.  See Compl. at para. 14, Exs. A, B, C.  Plaintiffs purported to exercise their right to cancel the loan transaction on May 10 and 31, 2005.  See Compl. at para. 14, Exs. B, C.

## Standard of Review

A complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991).  In disposing of Rule 12(b)(6) motion, a court need not rely on allegations that are "conclusively contradicted by plaintiffs' concessions or otherwise, and likewise may eschew reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'"  See

---

[1]	In disposing of a motion brought pursuant to Rule 12(b)(6), a court may review "documents the authenticity of which are not disputed by the parties; … documents central to plaintiffs' claim;" and "documents sufficiently referred to in the complaint."  See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); accord In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003); Christensen v. Kingston Sch. Comm., 360 F. Supp. 2d 212, 215 (D. Mass. 2005).

[2]	See note 1, above.

Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (emphasis added).  In reaching its

decision, a court may review "documents the authenticity of which are not disputed by the

parties; … documents central to plaintiffs' claim;" and "documents sufficiently referred to in the

complaint."  See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33

(1st Cir. 2001); accord In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir.

2003); Christensen v. Kingston Sch. Comm., 360 F. Supp. 2d 212, 215 (D. Mass. 2005).

**Argument**

**PLAINTIFFS CANNOT STATE A CLAIM FOR STATUTORY RESCISSION OR
DAMAGES; THE FORM OF NOTICE OF RIGHT TO CANCEL ATTACHED TO THE
COMPLAINT CLEARLY AND CONSPICUOUSLY DISCLOSES THE RESCISSION
DATE**

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 et seq., and its identical

Massachusetts counterpart, the Massachusetts Consumer Credit Cost Disclosure Act (the

"CCCDA"), Mass. Gen. L. c. 140D, § 10, govern certain aspects of residential mortgage lending.

Pursuant to the regulations promulgated in connection with those statutes, a residential mortgage

consumer is entitled to rescind a mortgage loan within the three-day period following the closing

of their loan, receipt of their truth-in-lending disclosure, or receipt of their notice of the right to

cancel the loan transaction, whichever is latest.  12 C.F.R. § 226.23(a)(3); 209 C.M.R.

32.23(1)(c).  The TILA and CCCDA regulations require disclosure of this right to the consumer.

12 C.F.R. § 226.23(b)(1); 209 C.M.R. 32.23(2)(a).  The form of disclosure must, among other

requirements, clearly and conspicuously set forth the date by which the consumer's right to

cancel expires.[3]  See 12 C.F.R. § 226.23(b)(1)(v); 209 C.M.R. 32.23(2)(a)(5).

---

[3]    The TILA and CCCDA regulations also require disclosure of: (1) the retention or acquisition of a security interest in the consumer's principal dwelling; (2) the consumer's right to rescind the transaction; (3) how to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business; and (4) the effects of rescission.  See 12 C.F.R. § 226.23(b)(1)(i)-(b)(1)(iv); 209 C.M.R. 32.23(2)(a)(1)-2(a)(5).  None of these provisions is at issue here.

Here, plaintiffs' single count alleges that the form of Notice of Right to Cancel attached to the Complaint violated TILA and the CCCDA "[b]y failing to indicate the date by which the right to cancel had to be exercised." See Compl. at para. 17. But this is just the sort of "unsupportable conclusion" that the Court may reject out of hand in reviewing whether plaintiffs can state a claim for relief. See Chongris, 811 F.2d at 37, 46. The very document upon which plaintiffs' claim depends in its entirety – the form of Notice of Right to Cancel attached to the Complaint – flatly contradicts plaintiffs' claim. See Compl., Ex. A. The form of Notice of Right to Cancel attached to the Complaint clearly and conspicuously discloses that plaintiffs' right to rescind must be exercised by "midnight of JUNE 5, 2004." Id. (capitalization in original).

Moreover, it is beyond peradventure that June 5, 2004, is the correct rescission date. Plaintiffs admit that the loan closed on June 2, 2004, see Compl. at para. 10, which is borne out by the note, mortgage, Truth-in-Lending disclosure statement, and HUD-1 settlement statement – the authenticity of which documents plaintiffs nowhere challenge – each of which is dated June 2, 2004. See Compl. at paras. 10, 11; Montoya Decl., Exs. 2-5. In addition, plaintiffs admit receipt on June 2, 2004, of the Truth-in-Lending disclosure statement. See Compl. at paras. 10, 11. Furthermore, plaintiffs admit to receipt on June 2, 2004, of a form of the Notice of Right to Cancel expressly setting forth June 5, 2004, as the loan transaction rescission date. See Compl. at paras. 10, 11, Ex. A. Finally, plaintiffs each acknowledged receipt on June 2, 2004, of the requisite notices of right to cancel that expressly set forth June 5, 2004, as the loan transaction rescission date and June 2, 2004, as the loan transaction date. See Montoya Decl., Ex. 1.

Because June 5, 2004, was the third business day[4] after the date of the loan transaction, the date of plaintiffs' receipt of their Truth-in-Lending disclosure statement, and the date of plaintiffs' receipt of their Notice of Right to Cancel, plaintiffs had up through that date to rescind their loan.  See 12 C.F.R. § 226.23(a)(3) and 209 C.M.R. 32.23(1)(c).  Plaintiffs, however, did not act to rescind the loan by June 5, 2004.  See Compl. at para. 14, Exs. B, C.  Indeed, plaintiffs do not claim to have taken any action to attempt to rescind the loan until almost an entire year after the date of the loan transaction.  See Compl. at para. 14, Exs. B, C.

In sum, (1) the form of Notice of Right to Cancel attached to the Complaint disclosed the date by which plaintiffs' right to rescind expired, (2) by plaintiffs' own admission June 5, 2004, was the correct rescission date, and (3) by plaintiffs' own admission they did not exercise their right to rescind by June 5, 2004.  Accordingly, there is no set of facts upon which plaintiffs can base a claim for rescission or statutory damages under TILA or the CCCDA, see Ricciardi v. Ameriquest Mortgage Co., 2005 WL 61416, at *4 (E.D. Pa. Jan. 10, 2005) ("[a]s TILA disclosures provided to [plaintiffs] were accurate, [plaintiffs do] not have an extended right to rescind the loan"), and plaintiffs' Complaint must be dismissed with prejudice in its entirety.

---

[4]     See 12 C.F.R. § 226.2(a)(6) (for the purposes of rescission pursuant to 12 C.F.R. § 226.23, business days include "all calendar days except Sundays and the legal public holidays") (emphasis added)); 209 C.M.R. 32.02(1) (same).

**<u>Conclusion</u>**

For the reasons set forth above, Ameripath Mortgage Corporation respectfully requests that the Court: (1) grant Ameripath's motion, dismissing all of plaintiffs' claims with prejudice; (2) award Ameripath its reasonable attorneys fees and costs incurred in having to make this motion and defend against this action generally; and (3) grant such other relief as the Court deems just and equitable.

Respectfully submitted,

AMERIPATH MORTGAGE CORPORATION,

By its attorneys,

*/s/ Ryan M. Tosi*
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Andrew C. Glass (BBO #638362)
(aglass@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated July 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Christopher M. Lefebvre
CLAUDE LEFEBVRE,
CHRISTOPHER LEFEBVRE P.C.
P.O. Box 479
Pawtucket, RI 02862

Brooks R. Brown
Daniel J. Pasquarello
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA 02109

*/s/ Ryan M. Tosi*
Ryan M. Tosi