## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK J. VOTTA | ) | |
| LYNN E VOTTA | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. 05-11133-WGY |
| v. | ) | |
| | ) | |
| AMERIPATH MORTGAGE CO. | ) | |
| Defendant. | ) | |

### AMENDED COMPLAINT

### INTRODUCTION

1.  This action seeks redress against Ameripath Mortgage Corp. ("Ameripath") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ( " MCCDA"), Mass. G.L. ch. 140D and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and  1337 ( interstate commerce) and 1367 ( supplemental jurisdiction).  Diversity jurisdiction is applicable as the Plaintiffs are residents of Massachusetts and seek rescission of a $268,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District.  Defendant is therefore deemed to reside in this District under 28

1

U.S.C. § 1391( c).

## PARTIES

4.  Plaintiffs Frank J. & Lynn Votta reside at 37 Steeple Chase Circle, Attleboro, MA 02703.

5.  Defendant Ameripath is a National corporation with its principle place of business at 6400 Oak Canyon #150, Irvine, CA 92618.

6.  Ameripath enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7.  Ameripath is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8.  Ameripath is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9.  Upon information and belief, Ameripath is the present holder of the mortgage entered into with the Plaintiffs.

## FACTS

10. On or about June 2, 2004,  Plaintiffs obtained a loan from Ameripath, secured by their residence, for the purpose of refinancing a prior mortgage .  All of the proceeds of the loan were used for personal, family or household purposes.

11.  In connection with the transaction, Plaintiffs Frank J. & Lynn Votta  received or signed the following documents:

1. A note in the principal amount of $268,000.00;

2. A mortgage;

3. A Truth in Lending statement;

4. A combined total of 2 notices of right to cancel in the form as referenced in attached  Exhibit A; and

5. A HUD-1 Settlement Statement.

12.  Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**

> **(4) When more than one consumer in a transaction has the right to**

rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

13. The copies of the notice of right to cancel actually delivered to Plaintiffs Frank J. & Lynn Votta were defective and therefore inherently confusing in that they did not specify the date of the transaction which was a crucial piece of information necessary to calculate the expiration of the right to cancel the transaction.  The date of the transaction does not appear on any of the two copies of the right to cancel provided to the Plaintiffs.

14.  On or about May 10  2005 the Plaintiffs exercised their extended right to rescind the

4

loan for violations of TILA and /or the MCCDA.  A notice of rescission was sent to Ameripath.

A Copy of said notice is attached as <u>Exhibit B</u> .

15.  In a letter dated May 23, 2005, attached as <u>Exhibit C</u>, Ameripath denied the

Plaintiffs' request to rescind their mortgage.


## COUNT I - TRUTH IN LENDING ACT

16.  Plaintiffs incorporate ¶¶ 1-15 as if fully set out herein.

17.  By failing to indicate the date of the transaction on the notice of right to cancel

provided to Plaintiffs, Ameripath failed to give Plaintiffs clear and conspicuous notice of

their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and /or the

MCCDA and accordingly Plaintiffs are entitled to the exercise of an extended right to

rescind the transaction.

18.  By failing to provide two separate and complete copies of the right to cancel to

each Plaintiff, Ameripath violated TILA and/or the MCCDA and accordingly Plaintiffs are

entitled to the exercise of an extended right to rescind the transaction.

19.  15 U.S.C. § 1635(g) provides that a court may award damages under section

1640 in addition to rescission.  Mass .G.L. ch. 140D § 10(g) is identical except for citation.

20.  The failure to honor a valid rescission notice is a separate violation entitling the

Plaintiffs to an award of statutory damages .

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of

Plaintiffs and against Defendant as follows:

1.  A declaration that Plaintiffs are entitled to rescind;

5

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/Christopher M. Lefebvre

## CERTIFICATION OF SERVICE

I hereby certify that on August 18, 2005, I electronically filed an amended Complaint with the Clerk of the District Court for the District of Massachusetts using the CM/ECF System. The following participants have received notice electronically: R. Bruce Allensworth, Esq.,

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: None

/s/Maria J. Ferreira

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

Transaction I.D. No.
Borrowers: FRANK J. VOTTA, LYNNE VOTTA                    Loan Number 003948

Property Address: 37 STEEPLE CHASE CIRCLE, ATTLEBORO, MASSACHUSETTS 02703

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                        or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at
AMERIPATH MORTGAGE CORPORATION
6400 OAK CANYON #150
IRVINE, CALIFORNIA 92618

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of JUNE 5, 2004    (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL.

_____                    _____
Consumer's Signature                                Date

ON THE DATE OF THE TRANSACTION LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____    _____    _____    _____
FRANK J. VOTTA                     Date       LYNNE VOTTA                         Date


_____    _____    _____    _____
                                   Date                                          Date


_____    _____    _____    _____
                                   Date                                          Date

NOTICE OF RIGHT TO CANCEL/RESCISSION MODEL FROM (GENERAL)                        Rev. 11/98

Exhibit B

FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE T. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

May 10, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Ameripath Mortgage Corporation
6400 Oak Canyon #150
Irvine, California 92618

Re:    Notice of Rescission by Frank J. Votta & Lynne Votta, 37 Steeple Chase Circle,
       Attleboro, MA 02703, Loan Number: 003948, Closing Date 6/2/2004.

To Whom It May Concern:

    I represent Frank & Lynne Votta concerning the mortgage they entered into with Ameripath
Mortgage Corporation on June 2, 2004.  Please be advised that I have been retained by my clients to
rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act,
15 U.S.C. Section 1635, Regulation Z, Section 226.23 and the Massachusetts counterparts.

    The primary basis for the rescission is that Mr. & Mrs. Votta as the joint owners of the
property at the time of refinance, were not provided with a proper notice of their right to cancel the
above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section
226.17, Section 226.23 and the Massachusetts counterparts.

    The security interest held by Ameripath Mortgage Corporation on Mr. & Mrs. Votta's
property located at 37 Steeple Chase Circle, Attleboro, MA is void as of this rescission.  Pursuant to
Regulation Z and the Massachusetts counterparts, you have twenty days after receipt of this Notice of
Rescission to return to my client all monies paid and to take action necessary and appropriate to
terminate the security interest.

                                            Frank J. Votta & Lynne Votta
                                            By their Attorney,

                                            Christopher M. Lefebvre
                                            P. O. Box 479
                                            Pawtucket, RI 02862

cc: Frank & Lynne Votta

# Exhibit C

ALT & ASSOCIATES
Attorneys at Law
18010 SKYPARK CIRCLE
SUITE 200
IRVINE, CA 92614

KRISTIN SCHAUB STERGAKOS
*Attorney at Law*

TELEPHONE (949) 756-5252
FACSIMILE (949) 756-5270
kristin.stergakos@altandassociates.com

May 23, 2005

Christopher M. Lefebvre, Esq.
Family and Consumer Law Center
Two Dexter Street
PO Box 479
Pawtucket, RI  02862

VIA:   U.S. Mail

> RE:   **Notice of Rescission by Frank J. Votta & Lynne Votta, 37 Steeple Chase Circle, Attleboro, MA 02703, Loan Number:  003948, Closing Date 6/2/2004**

Dear Mr. Lefebvre:

We are writing on behalf of our client, Ameripath Mortgage Corporation, in response to your letter of May 10, 2005.

Please be advised that Ameripath has reviewed its file, and has confirmed that Mr. and Mrs. Votta were provided with proper Notices of Right to Cancel. I have included copies of the executed notices with this letter.

Mr. and Mrs. Votta did not exercise their right to cancel within the rescission period, and this loan was properly disbursed.  The rescission period has expired and your clients cannot rescind at this time.

If you have any questions, please contact me.

Very truly yours,

Kristin S. Stergakos
ALT & ASSOCIATES