UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK J. VOTTA and<br>LYNN E. VOTTA,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERIPATH MORTGAGE CORP.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-11133-WGY<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIM**

    Defendant Ameripath Mortgage Corporation ("Ameripath") hereby answers the Amended Complaint of plaintiffs Frank J. Votta and Lynn E. Votta ("plaintiffs").

    Except as expressly admitted or denied herein below, Ameripath is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Amended Complaint.

**INTRODUCTION**

    1.    Paragraph 1 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath admits that the Amended Complaint is styled as an action brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; Federal Reserve Board Regulation "Z", 12 C.F.R. part 226; the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. c. 140D; and 209 C.M.R. part 32. Ameripath otherwise denies the allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath admits that the Court has subject matter jurisdiction over this matter, that Ameripath is not a Massachusetts corporation, and that Ameripath does not have its principal place of business in Massachusetts. Ameripath is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint that concern plaintiffs. Ameripath otherwise denies the allegations set forth in paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath admits that venue is proper in this District.

## PARTIES

4. Ameripath is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5. Ameripath admits that its principal place of business is located at 6410 Oak Canyon, Irvine, California 92618. Ameripath denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath admits the allegations set forth in paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.    Ameripath is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.    Ameripath denies the allegations set forth in paragraph 9 of the Amended Complaint.

## FACTS

10.    Ameripath admits that on or about June 2, 2004, plaintiffs became the obligors and mortgagors under a certain note and mortgage on property located at 37 Steeple Chase Circle, Attleboro, Massachusetts. Ameripath is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Amended Complaint.

11.    Ameripath admits that in connection with plaintiffs' mortgage loan transaction, plaintiffs signed and received the requisite number of complete copies of certain documents, including, without limitation, their Adjustable Rate Note in the principal amount of $268,000.00, Mortgage, Truth-in-Lending Disclosure Statement, Notice of Right to Cancel, and HUD-1 Settlement Statement. Ameripath denies the remaining allegations set forth in paragraph 11 of the Amended Complaint.

12.    Paragraph 12 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath admits that plaintiffs' mortgage loan was secured by property located at 37 Steeple Chase Circle, Attleboro, Massachusetts. Ameripath further states that 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 speak for themselves as to their content. Ameripath is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Amended Complaint.

13. Ameripath denies the allegations set forth in paragraph 13 of the Amended Complaint.

14. Ameripath admits that it received a copy of the document attached as Exhibit "B" to the Amended Complaint. Ameripath denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15. Ameripath admits that its attorneys sent a copy of the document attached as Exhibit "C" to the Amended Complaint to plaintiffs' attorney. Ameripath further states that this document speaks for itself as to its content.

## COUNT I – TRUTH IN LENDING ACT

16. Ameripath repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 15 above.

17. Ameripath denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Ameripath denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameripath states that 15 U.S.C. § 1635(g) and Mass. Gen. L. c. 140D, § 10(g), speak for themselves as to their content.

20.     Paragraph 20 of the Amended Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a further response is required, Ameripath denies the allegations set forth in paragraph 20 of the Amended Complaint.

The remainder of the Amended Complaint consists of plaintiffs' prayer for relief to which no responsive pleading is required. To the extent that a further response is required, Ameripath denies that plaintiffs are entitled to any of the forms of relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs lack standing.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to mitigate or avoid the damages they claim.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the application of the doctrines of waiver, estoppel, and ratification.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the application of the statute of limitation and by the application of the doctrine of laches.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the application of the statute of frauds and the parol evidence rule.

**Seventh Affirmative Defense**

If plaintiffs suffered damages, which Ameripath denies, plaintiffs' damages were caused by the conduct of others, including, without limitation, their own conduct, for whose conduct Ameripath is not responsible.

**Eighth Affirmative Defense**

Any claims by plaintiffs under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or regulations promulgated thereunder, or the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. c. 140D, § 1 et seq., or regulations promulgated thereunder, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, and interpretations of the United States Federal Reserve Board.

**Ninth Affirmative Defense**

Any claims by plaintiffs under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or regulations promulgated thereunder, or the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. c. 140D, § 1 et seq., or regulations promulgated thereunder, are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Tenth Affirmative Defense**

Ameripath is not liable for any claims by plaintiffs because Ameripath's conduct and disclosures at all times complied and were made in good faith conformity with all applicable laws, rules, regulations, and contracts.

**Eleventh Affirmative Defense**

Ameripath hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend its Answer to assert such defenses.

WHEREFORE, defendant Ameripath Mortgage Corporation respectfully requests that the Court:

i. enter judgment in its favor on the count set forth in the Amended Complaint;

ii. dismiss the Amended Complaint with prejudice;

iii. award Ameripath Mortgage Corporation its costs and expenses, including, without limitation, its attorneys fees, incurred in this action; and

iv. grant such other and further relief as the Court deems as just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, counterclaimant Ameripath Mortgage Corporation ("Ameripath") hereby brings this Counterclaim against defendants-in-counterclaim Frank J. Votta and Lynn E. Votta ("the Vottas") and states:

1. On or about June 2, 2004, the Vottas obtained a residential mortgage loan from Ameripath secured by property located at 37 Steeple Chase Circle, Attleboro, Massachusetts (the "mortgage loan transaction").

2. On or about June 1, 2005, the Vottas filed a Complaint in this Court, alleging that Ameripath had violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; Federal Reserve Board Regulation "Z", 12 C.F.R. part 226; the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. c. 140D; and 209 C.M.R. part 32.

3. On or about July 29, 2005, Ameripath moved to dismiss the Complaint.

4. On or about August 18, 2005, the Vottas filed an Amended Complaint and simultaneously responded to Ameripath's Motion to Dismiss by requesting that the Court enter an order denying Ameripath's Motion to Dismiss as moot in light of the Amended Complaint.

5. Ameripath has provided the Vottas with all required disclosures with respect to the subject loan, and the Vottas did not, and are not entitled to, rescind their loan.

6. Ameripath has provided the Vottas with the requisite number of complete copies of the Notice of Right to Cancel with respect to the mortgage loan transaction, and the Vottas did not, and are not entitled to, rescind their loan.

**COUNT I - DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

7. Ameripath repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 6 above.

8.       An actual controversy has arisen and exists between Ameripath and the Vottas regarding whether the Vottas had the right to rescind the subject loan and whether the Vottas did rescind the subject loan.

9.       Ameripath has provided the Vottas with all required disclosures with respect to the subject loan.  Ameripath has provided the Vottas with the requisite number of complete copies of the Notice of Right to Cancel with respect to the mortgage loan transaction.  The Vottas did not rescind their loan and have no basis for rescission of the loan.

10.      Ameripath hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to the Vottas' purported rescission of the mortgage loan transaction, including, without limitation, a declaration that the Vottas did not, and are not entitled to, rescind the subject loan and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

## **RELIEF REQUESTED**

WHEREFORE, counterclaimant Ameripath Mortgage Corporation respectfully requests that the Court:

i.       enter a declaration that the Vottas did not, and are not entitled to, rescind their mortgage loan with Ameripath Mortgage Corporation and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow; and

ii.      grant such other and further relief as the Court deems as just and proper.

**JURY DEMAND**

Counterclaimant Ameripath Mortgage Corporation hereby demands a trial by jury on all issues so triable.

>Respectfully submitted,
>
>AMERIPATH MORTGAGE CORPORATION,
>
>By its attorneys,
>
>*/s/ Andrew C. Glass*
>R. Bruce Allensworth (BBO #015820)
>(ballensworth@klng.com)
>Andrew C. Glass (BBO #638362)
>(aglass@klng.com)
>Ryan M. Tosi (BBO #661080)
>(rtosi@klng.com)
>KIRKPATRICK & LOCKHART
>NICHOLSON GRAHAM LLP
>75 State Street
>Boston, MA 02109
>(617) 261-3100

Dated: September 1, 2005

CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Christopher M. Lefebvre
CLAUDE LEFEBVRE,
CHRISTOPHER LEFEBVRE P.C.
P.O. Box 479
Pawtucket, RI 02862

                                                */s/ Andrew C. Glass*
                                                Andrew C. Glass